OPINION
Appellant was arrested on September 26, 2000.
A search warrant for the residence of the Appellant was granted on the same day.
On October 6, 2000, a seven count indictment was returned.
On October 10, 2000, Appellant was arraigned on said charges and entered a plea of not guilty.
On October 20, 2000, an indictment was returned charging Appellant with fifteen counts of Gross Sexual Imposition, fifteen counts of Pandering Obscenity Involving a Minor, four counts of Pandering Sexually Oriented Matter Involving a Minor and twenty counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance, totalling fifty-four counts in all.
On October 30, 2000, Appellant was arraigned on these charges and entered a plea of not guilty.
On October 31, 2000, the original seven count indictment was dismissed.
On December 8, 2000, Appellant filed a Motion to Suppress Evidence seeking to have the evidence obtained from his home during the execution of the search warrant suppressed.
On January 3, 2001, a hearing was held on Appellant's Motion to Suppress.
By Judgment Entry dated January 10, 2001, the trial court overruled Appellant's motion to dismiss.
On February 5, 2001, Appellant entered guilty pleas to six counts contained in the indictment (Counts 7, 8, 9, 10, 15 and 16) and entered no contest pleas to eighteen counts in the Indictment (Counts 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 18, 19, 20, 21, 23, 38, 48 and 50).
The remaining thirty counts were dismissed by the State of Ohio.
On March 12, 2001, the trial court sentenced the Appellant to a total of fifty-one (51) years in prison and further found Appellant to be a sexual predator.
Appellant now appeals his convictions on those counts to which he entered pleas of no contest, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT SUPPRESSING THE EVIDENCE SEIZED AS A RESULT OF A SEARCH WARRANT ISSUED WITHOUT A FACTUAL BASIS DEMONSTRATED SHOWING PROBABLE CAUSE TO BELIEVE EVIDENCE OF A CRIME EXISTED IN THE HOME OF THE APPELLANT.
Appellant, in his sole assignment of error, claims that the trial court erred in finding that probable cause existed for the issuance of the search warrant in this matter. We disagree.
Appellant specifically contends that Detective Leatherman's affidavit did not contain factual evidence that a crime existed in the home of the Appellant and therefore there was not probable cause for the issuance of the search warrant by the trial court. Appellant further maintains that, for such reason, the evidence obtained as a result of the search of his home and business should have been suppressed.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993),86 Ohio App.3d 37, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, and Guysinger, supra. It is based on this standard that we review appellant's sole assignment of error.
As is stated above, appellant maintains that there was insufficient probable cause for the issuance of the search warrant in the case subjudice since Detective Leatherman's affidavit did not contain facts establishing the existence of a crime in the home of the Appellant In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, our duty is to ensure that the magistrate or judge who issued the warrant had a substantial basis for concluding that probable cause existed. State v. George (1980), 45 Ohio St.3d 325, paragraph two of the syllabus. An appellate court must not substitute its judgment for that of the magistrate or trial judge by conducting a denovo determination as to whether sufficient probable cause existed upon which to issue the search warrant. Id. A trial judge or magistrate, when issuing a search warrant, must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id. at paragraph one of the syllabus, citing Illinois v. Gates (1983), 462 U.S. 213,238-239.
As a reviewing court, we must accord great deference to the trial court's determination of probable cause. George at paragraph two of the syllabus. Doubtful or marginal cases should be resolved in favor of upholding the warrant. Id. The United States Supreme Court has held that the totality of the circumstances must be examined in determining whether probable cause existed for a search warrant. Illinois v. Gates, supra.
Based upon the above case law, we must determine whether Detective Leatherman's affidavit provided probable cause for the issuance of the search warrant. "Probable cause" means only the probability and not a prima facie showing of criminal activity. George, supra., see also Beckv. Ohio (1964), 379 U.S. 89. In the case sub judice, we find that the trial court, based upon Detective Leatherman's affidavit, had a substantial basis for concluding that probable cause existed to support the issuance of a search warrant.
As noted by the trial court, in its January 10, 2001, Judgment Entry overruling appellant's Motion to Suppress, the affidavit contained the initial investigation which alleged that the appellant had been photographing and videotaping his acts of touching young girls in the daycare center where he was employed. The affidavit also contained a list of pedophile characteristics which included the propensity of pedophiles to keep evidence of their sexual encounters in their home.
Based on both of these facts, which were referred to in Detective Leatherman's affidavit, we find that there was a substantial basis for concluding probable cause existed for the issuance of the search warrant.
Moreover, we find that, under the totality of the circumstances, the trial court did not err in finding the that information contained in the affidavit was reliable.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellant.
BOGGINS, J., GWIN, P.J., FARMER, J.